# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| TREVOR MICHAEL BURTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:11-cv-174-GZS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks reversal and remand on the basis that, in contravention of Social Security Ruling 00-4p ("SSR 00-4p"), the administrative law judge failed to identify and resolve a conflict between the testimony of a vocational expert and the Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991) ("DOT") with respect to the capacity of a functionally illiterate person to perform certain jobs. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 7) at 2-3. I agree and,

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 16, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

accordingly, recommend that the court vacate the decision and remand this case for further development.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520, 416.920); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of organic mental disorder and an adjustment disorder with depressed mood, Finding 3, Record at 11; that he retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he could stand or walk for six hours in an eight-hour period, sit for six hours in an eight-hour period, could not climb ropes, ladders, or scaffolding, was limited to one- to two-step simple, repetitive tasks, needed to have work tasks explained to him verbally, was functionally illiterate with respect to reading, required a low-stress job with only occasional changes in his work setting, and could have only occasional interaction with the public, Finding 5, *id*. at 12; that, considering his age (21 years old, defined as a younger individual, on the alleged disability onset date), education (illiterate and able to communicate in English), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 15-16; and that he, therefore, was not disabled from January 1, 2006, his alleged disability onset date, through November 22, 2010, the date of the decision, Finding 11, *id*. at 17.[2]  The Decision Review Board declined to disturb the decision, *see id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

---

[2] The plaintiff was insured for purposes of SSD benefits through March 31, 2008.  *See* Finding 1, Record at 11.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

At Step 5, the administrative law judge relied on the plaintiff's ability to perform three jobs that a vocational expert present at his hearing testified could be performed by someone who was functionally illiterate when it came to reading and required that tasks be explained to him verbally: bottling-line attendant, DOT § 920.687-042, bakery worker, conveyor line, DOT § 524.687-022, and shaker, wearing apparel. *See* Record at 16, 51-52.

As the plaintiff points out, *see* Statement of Errors at 2, the DOT describes all three jobs as having a General Educational Development ("GED") language level of 1, which, with respect to reading, entails "[r]ecogniz[ing] [the] meaning of 2,500 (two- or three-syllable) words[,]" "[r]ead[ing] at [a] rate of 95-120 words per minute[,]" and "[c]ompar[ing] similarities and

3

differences between words and between series of numbers." DOT §§ 920.687-042, 524.687-022, 361.687-026; *see also* Appendix C to *id*., § III. A person who is functionally illiterate with respect to reading, and must have instructions explained orally, cannot fulfill those reading requirements.

> SSR 00-4p provides, in relevant part:
>
> The Responsibility To Ask About Conflicts
>
> When a VE [vocational expert] or VS [vocational specialist] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:
>
> • Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
>
> • If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.
>
> Explaining the Resolution
>
> When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

SSR 00-4p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2011), at 246.

In his decision, the administrative law judge stated that the vocational expert's testimony was consistent with the information contained in the DOT. *See* Record at 16. However, neither he nor the plaintiff's attorney asked the vocational expert if that was the case, and neither of them questioned the vocational expert concerning whether a person who is functionally illiterate

4

in reading could in fact perform any of the three jobs at issue, despite the DOT's indication otherwise, and, if so, why. *See id*. at 52-54.

At oral argument, counsel for the commissioner defended the decision on two alternative grounds: that (i) the plaintiff, who was represented by counsel at hearing, forfeited this issue on appeal by failing to raise it at hearing and, (ii) in any event, there was no "apparent unresolved conflict" because the DOT does not address illiteracy. For the reasons that follow, I decline to adopt either argument.

### A. Asserted Waiver

With respect to the first of the commissioner's two defenses, his counsel observed that the First Circuit has held that "there is a duty on the part of litigants to make it known to the trial judge that they do not wish to forgo their rights to an evidentiary hearing: a party cannot sit silently by, await the entry of judgment, and only then (having seen the results and having been disappointed thereby) bemoan the court's failure to take evidence." *Pearson v. Fair*, 808 F.2d 163, 166 (1st Cir. 1986). He stated that this court has applied that principle in the Social Security context in at least two cases, *Baker v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00167-JAW, 2011 WL 1298694 (D. Me. Mar. 31, 2011) (rec. dec., *aff'd* Apr. 19, 2011), and *Little v. Astrue*, Civil No. 09-619-P-H, 2010 WL 4365559 (D. Me. Oct. 27, 2010) (rec. dec., *aff'd* Dec. 8, 2010).

In *Baker*, this court rejected a claimant's argument that the administrative law judge had failed to include in his RFC finding, or convey to a vocational expert, a psychologist's purported material limitation to sustaining simple tasks in only two-hour blocks. *See Baker*, 2011 WL 1298694, at *4-*6. The court found that the commissioner reasonably assumed that the two-hour block qualifier, rather than being a material limitation, was simply a shorthand reference for the

5

regulatory presumption that an individual is capable of satisfying the mental demands of simple work if, *inter alia*, he or she can maintain concentration and attention for two-hour segments between arrival and first break, lunch, second break, and departure. *See id*. In that context, the court observed:

> [T]he decision is supported at step 4 and step 5 with testimony from a vocational expert about jobs classified in the Dictionary of Occupational Titles. There is no reason to assume that the DOT does not operate on similar assumptions about periodic breaks. Baker had the assistance of an attorney at his hearing. The Judge permitted counsel to question the vocational expert and counsel was an active participant at the hearing. Presumably, counsel was as familiar with the record as the Judge, yet counsel never suggested that Dr. Lester's description of a capacity to sustain concentration and attention over two-hour blocks might meaningfully erode the unskilled work base or preclude any of the occupations discussed by the vocational expert at the hearing. There is an expectation that counsel will explore these concerns with the vocational expert at the hearing, not leave such matters to technical challenges before the courts.

*Id*. at *5 (citations omitted).

*Baker*, thus, did not concern the application of SSR 00-4p. Moreover, it is noteworthy that any purported conflict in *Baker* would have been obscure, rather than "apparent," for purposes of SSR 00-4p.

*Little*, likewise, was not an SSR 00-4p case. Instead, the claimant's counsel had not addressed, at hearing, the apparent incongruity between a travel restriction that had been included in the administrative law judge's RFC and the jobs identified by a vocational expert at hearing. *See Little*, 2010 WL 4365559, at *4. This court observed that, in the absence of such questioning, it was unable to determine whether the apparent inconsistency could in fact be reconciled. *See id*. It declined to give the plaintiff a second opportunity to elicit such testimony. *See id*.

At oral argument, the commissioner's counsel asked this court to extend the holdings of *Baker* and *Little* to encompass any circumstance in which a claimant who is represented by

counsel fails at hearing to identify a purported conflict between the DOT and a vocational expert's testimony. He contended that such an approach is consistent with SSR 00-4p, the goal of which is to ensure that conflicts are raised and resolved, and that, in any event, Social Security rulings are nonbinding.

I decline to recommend that the court stretch *Baker* and *Little* that far. As the plaintiff's counsel rejoined at oral argument, SSR 00-4p imposes an *affirmative obligation* on administrative law judges to (i) inquire whether there is any conflict between vocational expert testimony and the DOT, (ii) elicit a reasonable explanation for any apparent conflict, and (iii) resolve said conflict, regardless of how it was identified. *See* SSR 00-4p at 246. Social Security rulings are binding on administrative law judges, *see, e.g., McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1125 (1st Cir. 1986), and errors in failing to comply with their dictates generally merit reversal and remand unless harmless, *see, e.g., Little v. Soc. Sec. Admin. Comm'r*, No. 1:10-cv-00096-JAW, 2010 WL 5367015, at *2 (D. Me. Dec. 21, 2010) (rec. dec., *aff'd* Jan. 10, 2011) (SSR 00-4p error was harmless when, although administrative law judge neglected to make a conflict inquiry, no conflict existed).

Here, the administrative law judge did not even make the required threshold inquiry as to whether the vocational expert's testimony was consistent with the DOT. As the plaintiff's counsel noted at oral argument, in *Prochaska v. Barnhart*, 454 F.3d 731 (7th Cir. 2006), the United States Court of Appeals for the Seventh Circuit held, in the same circumstance, that a claimant's counsel's failure at hearing to identify an asserted conflict between vocational testimony and the DOT did not effect a waiver. *See Prochaska*, 454 F.3d at 735 ("Prochaska was not required to raise this issue at the hearing, because the Ruling [SSR 00-4p] places the burden of making the necessary inquiry on the ALJ."). *Prochaska* is well-reasoned and

consistent with the dictates of SSR 00-4p, and I follow it here. While counsel for the commissioner argued, in the alternative, that there is no conflict between the testimony given in this case and the DOT, I reject that position for the reasons set forth below. Here, as in *Prochaska*, the administrative law judge failed to make a threshold inquiry that should have identified a conflict that it was his duty, in the first instance, to resolve. *See id*. at 736 ("We cannot determine, based on the record, whether the expert's testimony regarding stooping or reaching was actually inconsistent with the DOT. That determination should have been made by the ALJ in the first instance, and his failure to do so should have been identified and corrected by the Appeals Council."); *see also, e.g., Xiong v. Astrue*, No. 1:10cv01135 AWI DLB, 2011 WL 3322828, at *17 (E.D. Cal. Aug. 2, 2011) (rec. dec., *aff'd* Sept. 29, 2011) (administrative law judge committed reversible error in failing to make threshold SSR 00-4p conflict inquiry in circumstances in which there was an unexplained conflict between vocational expert's testimony that illiterate claimant could perform certain jobs and DOT listings stating that those jobs had a language level of 1).[3]

In these circumstances, the plaintiff's counsel's failure to raise the conflict issue at hearing does not effect a waiver.

### B. Asserted Consistency of Vocational Expert Testimony with DOT

At oral argument, counsel for the commissioner made a novel argument in support of the proposition that, in this case, there was no conflict between the vocational testimony and the

---

[3] Beyond this, the Seventh Circuit has held, in a case cited by counsel for the commissioner, *Overman v. Astrue*, 546 F.3d 456 (7th Cir. 2008), that even when an administrative law judge makes the required threshold inquiry pursuant to SSR 00-4p, a claimant's failure to identify DOT conflicts at hearing does not effect a waiver to the extent that the claimant can show that "the conflicts were obvious enough that the ALJ should have picked up on them without any assistance[.]" *Overman*, 546 F.3d at 463 (observing that "SSR 00-4p requires only that the ALJ investigate and resolve *apparent* conflicts between the VE's evidence and the DOT") (emphasis in original). The commissioner's own caselaw, hence, does not support his request that this court flatly hold that DOT conflict arguments are waived if not raised by a claimant's counsel at hearing.

relevant DOT job descriptions. He reasoned that, because GED language level 1 is the lowest level contained in the DOT, the DOT does not address illiteracy, just as it does not address sit-stand options. Accordingly, he contended, there was no conflict triggering the application of SSR 00-4p. *See, e.g., Wasilauskis v. Astrue*, Civil No. 08-284-B-W, 2009 WL 861492, at *5 n.8 (D. Me. Mar. 30, 2009) (rec. dec., *aff'd* Apr. 21, 2009) ("The premise that there was an apparent inconsistency between the vocational expert's testimony and the DOT is, in this instance, incorrect. The DOT does not address the subject of the need to alternate sitting and standing. Hence, there could be no discrepancy.") (citations omitted); *see also Burns v. Barnhart*, 312 F.3d 113, 128 (3d Cir. 2002) (duty under SSR 00-4p to inquire into conflicts did not arise when, although claimant asserted that intelligence testing placed his aptitude in the lowest 10 percent of the population and that the DOT required an aptitude level above the lowest 10 percent, court found no such levels incorporated into the DOT).

Counsel further argued that acceptance of the proposition that there is a clash between the DOT definition of language level 1 and vocational testimony regarding jobs of which illiterate claimants are capable is tantamount to acceptance of the proposition that an illiterate person is *per se* disabled, a proposition that this court has noted is contrary to the commissioner's own regulations. *See Omar v. Astrue*, Civil No. 08-270-P-S, 2009 WL 961230, at *4 (D. Me. Apr. 7, 2009) (rec. dec., *aff'd* May 1, 2009) (illiteracy does not necessarily preclude all jobs).

These arguments, while thoughtful, ultimately are unpersuasive. First, unlike in *Wasilauskis* and *Burns*, the DOT in this case directly addresses the point at issue: whether an individual possesses sufficient reading ability to perform the jobs in question. The plaintiff's reading capacity, as found by the administrative law judge and conveyed to the vocational expert, clearly conflicts with the reading ability that the DOT indicates is necessary to perform

9

the jobs at issue.[4] That the DOT does not take into account illiteracy, and that illiteracy does not preclude all work, may constitute good reasons to deviate from the DOT, but they do not alter the fundamental fact that there is a clear conflict between the vocational testimony at issue and the demands of the relevant jobs as described in the DOT. The commissioner, in promulgating SSR 00-4p, did not see fit to include a carve-out for claims involving illiteracy. Rather, he broadly decreed:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.

SSR 00-4p at 244.

Second, recognizing the existence of this particular conflict is hardly tantamount to decreeing illiterate people *per se* disabled. "Neither the DOT nor the VE or VS evidence automatically 'trumps' when there is a conflict." *Id.* Rather, SSR 00-4p simply requires a reasonable explanation before an administrative law judge can rely on vocational testimony at odds with a DOT job description. *See id*. *See also, e.g., Oeur v. Astrue*, No. EDCV 11-00370-JEM, 2012 WL 234642, at *6 (C.D. Cal. Jan. 24, 2012) (rejecting argument by commissioner that acceptance of claimant's argument that administrative law judge had erred in not identifying and resolving conflict between illiteracy and DOT reading requirements "necessarily leads to the conclusion that all illiterate claimants are disabled"). Had the vocational expert in this case been asked whether a conflict between her testimony and the DOT existed and identified this conflict,

---

[4] In a recent recommended decision, *Du Nguyen v. Astrue*, No. 2:11-cv-189-NT, 2012 WL 975674 (D. Me. Mar. 21, 2012) (rec. dec.), I expressed skepticism that a conflict existed between a vocational expert's testimony regarding an illiterate claimant's ability to perform jobs having a specific vocational preparation ("SVP") level of 2 and the definition of SVP level 2 jobs contained in the DOT. *See Du Nguyen*, 2012 WL 975674, at *7. SVP levels, however, address the time that it takes to learn a job rather than the language skill needed to perform it. *See id*.

she likely would have been able to provide a reasonable explanation for the inconsistency with respect to at least one, if not all, of the jobs at issue. However, she was never asked, and no explanation is of record. Accordingly, her testimony cannot stand as substantial evidence in support of the commissioner's Step 5 finding.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of April, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge